UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>[1] MARCUS TERMAINE DARDEN<br>[2] MAURICE DUNCAN BURKS<br>[3] BRANDON DURELL HARDISON<br>[4] LAMAR ANDRE WARFIELD<br>[5] DERRICK LAMAR KILGORE<br>[6] ELANCE JUSTIN LUCAS<br>[7] DECARLOS TITINGTON<br>[8] LAWRENCE MITCHELL<br>[9] LORENZO CORTEZ BROWN<br>[10] XAVIER RAPHAEL JENKINS<br>[11] REX ANDREW WHITLOCK<br>[12] JAMES ANDERSON LUKE | ) | No. 3:17-cr-124<br><br>Magistrate Judge Brown |

**ORDER**

The parties appeared before the Court on December 18, 2017, for a hearing on the government's Motion for a Protective Order (Doc. 129) and its Motion to Modify its Protective Order Regarding Discovery in this Case (Doc. 266). The government has filed public and sealed ex parte materials in support of those motions. Certain defendants have also filed responses to the government's motions.

The Court has reviewed all of these materials. The Court also heard the arguments of counsel at the December 18, 2017 hearing. After considering the parties' arguments, and for the reasons set forth at the hearing, the Court finds that good cause exists to issue the protective order

proposed by the government in its Motion to Modify its Protective Order Regarding Discovery in this Case (Doc. 266). Accordingly, the Court **GRANTS** the government's motion for a protective order as follows:

On or before January 19, 2018, the government is **ORDERED** to provide counsel for defendants with a thumb drive containing discovery materials which counsel may disseminate to their clients. The dissemination of these materials to incarcerated defendants shall be subject to any conditions and restrictions placed on those defendants by the facilities where the defendants are housed. These discovery materials include, inter alia:

- All pole camera recordings obtained in this case;
- Criminal histories of all defendants;
- Lab reports, including:
    - Tests of suspected controlled substances;
    - Tests of latent prints;
    - Tests of firearms, including ballistics analyses;
    - Tests of ammunition, including ballistics analyses;
    - Serology reports; and
    - DNA reports.
- Paperwork related to forfeiture in local cases;
- Documents or photographs related to items recovered during vehicle and residence searches;
- Evidence recovered during the search of defendants' cell phones, including reports generated during the extraction of content from those phones;

- Photographs of evidence recovered during controlled buys, including of buy money, drugs, drug paraphernalia, firearms, and ammunition;
- Surveillance photographs of gang meetings in Murfreesboro;
- Photographs recovered from social media accounts of Gangster Disciples and their associates, including from social media accounts of defendants;
- Mugshots of defendants;
- Photographs of defendants' tattoos;
- Photographs of gang members associating with one another;
- Medical records of defendants; and
- Written and recorded statements made to law enforcement officials by particular defendants.

On or before January 19, 2018, the government is also **ORDERED** to provide counsel for defendants with a thumb drive containing discovery materials which counsel may review with their clients but may not provide or leave with their clients. These discovery materials include:

- Audio and video recordings related to controlled buys or attempted controlled buys of narcotics, through the use of police informants, from defendants Darden, Burks, Warfield, Kilgore, Lucas, Brown, and other members or associates of the Gangster Disciples;
- Audio recordings of conversations between government informants and various members and associates of the Gangster Disciples, including conversations which were captured on a government-issued LETS phone;
- The undercover video recording of the Gangster Disciples meeting on February 6,

2014;

- Plea agreements of cooperating defendants, informants, and witnesses;
- Recordings of statements made by witnesses to violent crimes;
- Written statements made by witnesses to violent crimes about those crimes;
- Reports prepared by law enforcement officers reflecting statements made by witnesses to violent crimes about those crimes;
- Medical records of potential witnesses and other private persons (not including the defendants); and
- Reports of investigation prepared in connection with this case by the agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

The government is also **ORDERED** to make future discovery productions in accordance with this Order, namely, by identifying materials contained in such productions as materials which are not subject to this Order and which may be disseminated to the defendants or as materials which are subject to this Order and which may not be disseminated to the defendants.

The defendants are also **ORDERED** not to disseminate to anyone other than members of the defendants' legal defense teams any discovery materials, copies of discovery materials, or notes on discovery materials in this case.

Lastly, it is **ORDERED** that the United States Marshal transport in-custody defendants to the federal courthouse in Nashville to meet and confer with counsel, provided that counsel make such a request of the Marshal at least 48 hours in advance of any such meeting. The Marshal, in satisfying such requests, is further **ORDERED** to provide a room for these meetings that permits counsel and the defendant to review discovery materials together.

**IT IS SO ORDERED.**

HON. JOE BROWN
U.S. MAGISTRATE JUDGE

Dated: December 21, 2017