## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:17-cr-00124-7 |
| | ) | |
| DECARLOS TITINGTON | ) | |
| | ) | |
|    Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

The matter is before the Court on DeCarlos Titington's Motion for Sentence Reduction based on Amendment 821. (Doc. No. 2367). For the reasons that follow, his motion must be denied.

Amendment 821 permits courts to reduce the sentence of certain defendants whose guidelines range included a two-level assessment for "status points." At the time of sentencing, Mr. Titington had a subtotal of 14 criminal history points. Two more points were added because he committed the offense(s) while under a criminal justice sentence, leading to a total of 16 criminal history points.

Even accounting for Amendment 821, though, Mr. Titington would still have a total of 15 criminal history points instead of 16. With 15 criminal history points, Mr. Titington would remain a Criminal History Category VI.[1] Because he was originally sentenced under Criminal History Category VI and he would remain a Criminal History Category VI, his guidelines range would be no different today than it was at the time of sentencing. Therefore, he is ineligible for relief under

---

[1] Even removing all status points, Mr. Titington's criminal history subtotal was 14 points. Because anyone with 13 criminal history points or more is considered a Category VI, Mr. Titington would remain a Category VI without any status points added.

Amendment 821. E.g., United States v. Wells, 2024 WL 307724, at *1 (W.D. Mich. Jan. 26, 2024) ("[for] motions that rely on Amendment 821, the court must first determine if the Sentencing Commission's changes actually lowered the defendant's guidelines range."); United States v. Streeter, 2024 WL 639688, at *1 (N.D. Ohio Feb. 15, 2024) (where the Amendment 821 adjustment does not change the criminal history category, the guideline range is unaffected and there is no relief under Amendment 821).

For these reasons, Mr. Titington's Motion for Sentence Reduction (Doc. No. 2387) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

2